IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) OHIO SECURITY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>(1) STILLWELL LIMITED, INC., an Oklahoma corporation; DBA ALPHA & OMEGA MORTUARY SERVICE AND CREMATORY,<br><br>    Defendant. | Case No. CIV-18-935-HE |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Ohio Security Insurance Company ("Ohio Security"), and for its cause of action against the Defendant, alleges and states as follows:

### I.

### JURISDICTION

1.     Plaintiff, Ohio Security Insurance Company, is an insurance company organized under the laws of the State of New Hampshire and licensed to do business in the State of Oklahoma. Its principal place of business is in the State of Massachusetts, and, therefore, it is deemed to be a Massachusetts citizen for purposes of diversity.

2.     Defendant Stillwell Limited, Inc. is an Oklahoma corporation registered to do business in Oklahoma which has its principal place of business in Oklahoma City,

1

Oklahoma County, Oklahoma. Stillwell Limited, Inc. can be served in Oklahoma through its registered agent Dan Stillwell, 8262 E. Britton Rd., Jones, OK 73049.

3. Alpha & Omega Mortuary Service and Crematory is an Oklahoma trade name registered to Stillwell Limited, Inc.

4. Jurisdiction is based on diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The requirements of 28 U.S.C. §1332 are, therefore, met.

5. This action is for declaratory relief and is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

## II.

## FACTS COMMON TO ALL ISSUES

### A. BACKGROUND

6. On July 8, 2017, Ruben Carrasquillo and Loida Carrasquillo entered into an agreement with Barnes Friederich Funeral Home ("BFFH") in Midwest City, Oklahoma wherein Barnes agreed to provide funeral arrangements and transport the remains of the Deceased, Jose Carrasquillo ("Deceased") to Alpha & Omega Mortuary Service and Crematory ("Alpha & Omega") for cremation services.

7. Between July 8, 2017 and July 12, 2018 the remains of the Deceased were cremated by Alpha & Omega Mortuary Service and Crematory ("Alpha & Omega").

8. On or about July 12, 2017, the cremated remains of the Deceased were allegedly destroyed as the result of a fire at the Alpha & Omega facility.

### B. UNDERLYING LAWSUIT

9. On October 19, 2017, the family of the Deceased, including the surviving spouse and children, filed suit against Stillwell Limited, Inc., DBA Alpha & Omega Mortuary Service and Crematory in the District Court of Oklahoma County under case number CJ-2017-6005. (See Exhibit 1.) The Petition seeks damages incurred when the Defendant allegedly negligently destroyed the remains of the Deceased, Jose Carrasquillo. In their prayer, the family of the Deceased seek damages in excess of $75,000.00 and for punitive damages in excess of $75,000.00.

10. The Petition further alleges Plaintiffs have sustained "personal injuries, including but not limited to, physical pain and suffering, panic, fear, shock, nausea, mental anguish and severe emotional distress."

### C. CGL POLICY

11. Ohio Security issued a commercial general liability policy to Stillwell Limited, Inc., DBA Alpha & Omega Mortuary Service and Crematory ("Stillwell") under Policy No. BKS 55 84 36 07 with policy period from February 23, 2017 to February 23, 2018 (the "Policy"). (See Exhibit 2.)

12. The Policy provides, in pertinent part:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …
>
> ***
>
> **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. …

13. The Policy includes the following endorsement, CG 88 10 04 13, which provides in pertinent part:

> **COMMERCIAL GENERAL LIABILITY EXTENSION**
>
> **O. BODILY INJURY REDEFINED**
>
> Under **Section V – Definitions,** Definition **3.** is replaced by the following:
>
> 3. "Bodily Injury" means physical injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death that results from such physical injury, sickness or disease.

14. The Policy provides, in pertinent part:

**SECTION V – DEFINITIONS**

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonments;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner;

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

   f. The use of another's advertising idea in your "advertisement"; or

   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

15. The Policy further contains the following exclusion, CG 21 56 04 13, which provides in pertinent part:

**EXCLUSION – FUNERAL SERVICES**

The following exclusion is added to Paragraph **2. Exclusions** of Section **I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of errors or omissions in the handling, embalming, disposal, burial, cremation or disinterment of dead bodies.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved errors or omissions in the handling, embalming, disposal, burial, cremation or disinterment of dead bodies.

16. The Policy further includes the following endorsement, CG 88 61 12 08:

**PROPERTY DAMAGE – CUSTOMERS' GOODS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Under **Section I – Coverages, Coverage A – Bodily Injury And Property Damage Liability**, **2. Exclusions, j. Damage to Property,** items **(3), (4)** and **(6)** do not apply to "property damage" to "customers' goods" while on your premises.

*** 

C. Under **Section V – Definitions**, the following definition is added:

"Customers' goods" means property of your customer on your premises for the purpose of being worked on or used in your manufacturing process.

>Nothing contained in this endorsement shall be held to vary, alter, waive, or extend any of the terms, conditions, provisions, agreements or limitations of the policy, other than as stated above.

17. Pursuant to Oklahoma law in effect at the time of the July 12, 2017 fire at the Alpha & Omega facility, an insurer is not obligated to defend an action against its insured where the insurer would not be liable under its policy for any recovery in such suit.  *See Torres v. Sentry Insurance,* 558 P.2d 400, 401-402 (Okla. 1976).

18. Plaintiffs' Petition in the underlying lawsuit does not allege "bodily injury", "property damage" or "personal and advertising injury" as defined by the Policy.  To the extent Plaintiffs' claims for "property damage", "property damage" or "personal and advertising injury" arise out of errors or omissions in the handling, embalming, disposal, burial, cremation or disinterment of dead bodies, coverage for such allegations are excluded under the "funeral services" exclusion, CG 21 56 04 13.

19. To the extent Plaintiffs' claimed "property damage" is related to the loss of the Deceased's remains, coverage for such allegations is excluded under the "Customer's Goods" exclusion, Form CG 88 61 12 08.

WHEREFORE, Plaintiff Ohio Security Insurance Company prays for an Order of this Court declaring the rights and obligations of the parties as follows:

A. That the allegations and claimed damages in the Petition in the underlying lawsuit do not meet or fall within the Policy definitions of "bodily injury", "property damage" and/or "personal and advertising injury" so as to invoke coverage under the Policy;

B.     The claims of the Plaintiffs in the underlying lawsuit in Oklahoma County, Case No. CJ-2017-6005, are excluded pursuant to the Funeral Services exclusion, CG 21 56 04 13;

C.     The claims of the Plaintiffs in the underlying lawsuit in Oklahoma County, Case No. CJ-2017-6005, are further excluded pursuant to the Property Damage – Customers' Goods endorsement, CG 88 61 12 08;

D.     Plaintiff Ohio Casualty Security Insurance Company is therefore not obligated to defend or to indemnify Defendant Stillwell Limited, Inc., DBA Alpha & Omega Mortuary Service and Crematory for the claims related to the July 12, 2017 destruction of the remains of the Deceased, Jose Carrasquillo, including those claims asserted by the Plaintiffs in the District Court of Oklahoma County, Case No. CJ-2017-6005; and,

E.     Plaintiff Ohio Security Insurance Company is entitled to any further and additional relief which this Court deems just and proper and which is authorized pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* or other Oklahoma law.

        Wilson, Cain & Acquaviva
        300 N.W. 13th Street, Suite 100
        Oklahoma City, OK 73103
        (405) 236-2600
        (405) 236-2607 (Fax)

        s/Tm D. Cain
        Tim D. Cain, OBA #11779
        timcain@swbell.net
        Brett E. Gray, OBA #21684
        Brettg@wcalaw.com
        *Attorneys for Plaintiff*
        *Ohio Security Insurance Company*